Trenton K. Kashima (State Bar No. 291405)
TKashima@sommerspc.com
SOMMERS SCHWARTZ, P.C.
402 West Broadway, Suite 1760
San Diego, CA 92101
Telephone: (619) 762-2125
Facsimile: (619) 762-2127

Jack L. Siegel (*pro hac vice*)
jack@siegellawgroup.biz
Stacy W. Thomsen (State Bar No. 274282)
stacy@siegellawgroup.biz
SIEGEL LAW GROUP, PLLC
4925 Greenville Avenue, Suite 600
Dallas, Texas 75206
Telephone: (214) 790-4454

*Counsel for Plaintiff and Proposed Class and Collective Members*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SEJUN PARK**, individually and on behalf of all other similarly situated, | Case No.: 2:20-cv-08901-MWF-AGR |
| Plaintiff, | **FIRST AMENDED FLSA COLLECTIVE ACTION/ CLASS ACTION COMPLAINT** |
| v. | |
| **UNUM GROUP CORPORATION**, a Delaware corporation; **UNUM LIFE INSURANCE COMPANY OF AMERICA**, a Maine corporation, | **JURY DEMAND** |
| Defendants. | |

---

FIRST AMENDED COLLECTIVE & CLASS COMPLAINT AND JURY DEMAND

Plaintiff Sejun "Peter" Park (hereinafter "Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorneys, hereby brings this First Amended Collective/Class Action Complaint against Defendants Unum Group Corporation, a Delaware corporation, Unum Life Insurance Company of America, a Maine corporation (collectively "Defendants"), and states as follows:

## INTRODUCTION

1.      This is a collective and class action brought for violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA"); California Labor Code ("Labor Code"); the California Industrial Welfare Commission Wage Order No. 4; and the California Business & Professional Code section 17200, *et seq.*, as a FLSA § 216(b) collective action and California state-wide class action pursuant to Fed. R. Civ. P. 23(b)(3).  Additionally, Plaintiff seeks civil penalties under the Private Attorneys General Act ("PAGA"), Cal. Labor Code § 2698, *et seq.*

2.      Defendants are insurance companies that offer short-term and long-term disability insurance, as well as other insurance products, to groups and individuals around the world.[1]

3.      Defendants provide third-party claims administration services for leave of disability and leave of absence claims to their customers.[2]

4.      As third-party absence management claims administrators, Defendants' core functions include processing disability and leave of absence claims within contractual timeframes.

5.      Defendants employed Plaintiff and other non-managerial employees in its offices in Glendale, California to process disability claims within contractual time frames under various job titles that include the terms "Benefit Specialist" or "Disability Specialist" (collectively, "Claims Examination Employees").

6.      Defendants paid Plaintiff and other Claims Examination Employees on an hourly, non-exempt basis ("Hourly Claims Examination Employees" or "Associate Claims Examination Employees"[3])

---

[1] http://unumemarketing.com/annualreport/2018/about.html (last viewed on February 15, 20210).

[2] www.unum.com/legal-old/termsofuse; bit.ly/UnumClaimForm (last viewed September 24, 2020)

[3] During the time Claims Examination Employees are paid on an hourly basis, their job titles have the term "Associate" preceding the job title that they have once paid on a salary basis. For example, an individual would work under the job title of "Associate Disability Specialist" while being paid on an hourly basis before being promoted to work under the job title of "Disability Specialist" once promoted to a salaried position.

FIRST AMENDED COLLECTIVE & CLASS COMPLAINT AND JURY DEMAND

during an initial training period during their first six to eighteen months of employment ("Training Period").

7.      Defendants paid Plaintiffs and other Claims Examination Employees on a salary, exempt basis ("Salaried Claims Examination Employees") following the Training Period.

8.      Defendants paid at least 40 of its Claims Examination Employees on an hourly basis during the last four years.

9.      Defendants' Hourly Claims Examination Employees regularly worked over 40 hours per work week.

10.     Defendants' Hourly Claims Examination Employees regularly worked over 8 hours per workday.

11.     Defendants classified Hourly Claims Examination Employees as non-exempt from state and federal overtime laws.

12.     Defendants actively discouraged Hourly Claims Examination Employees from accurately recording the time that they worked if it would result in overtime payments.

13.     Because Defendants' Hourly Claims Examination Employees were classified as non-exempt, Defendants violated the FLSA by failing to pay them overtime when they worked over 40 hours per workweek.

14.     Defendants paid at least 40 of its Claims Examination Employees on a salary basis during the last four years.

15.     Defendants' Salaried Claims Examination Employees regularly worked over 40 hours per workweek.

16.     Defendants' Salaried Claims Examination Employees regularly worked over 8 hours per workday.

17.     Defendants classified its Salaried Claims Examination Employees as exempt from state and federal overtime laws and did not pay them overtime when they worked over 40 hours in individual workweeks or over 8 hours in individual workdays.

18.     Plaintiff and other Salaried Claims Examination Employees' primary job duty consisted of reviewing disability and leave of absence claims against predetermined guidelines to determine benefit

eligibility within contractual timeframes ("Claims Review Work").

19.     The Claims Review Work performed by Salaried Claims Examination Employees is non-exempt work.

20.     Because Defendants' Salaried Claims Examination Employees primarily performed non-exempt work, Defendants violated the FLSA and California law by failing to pay them overtime when they worked over 40 hours in individual workweeks or over 8 hours in individual workdays.

21.     Defendants did not relieve Hourly Claims Examination Employees from all their work duties during their meal and rest periods.

22.     Defendants did not relieve Salaried Claims Examination Employees from all their work duties during their meal and rest periods.

23.     Defendants' Hourly Claims Examination Employees regularly performed work duties during their meal and rest breaks.

24.      Defendants' Salaried Claims Examination Employees regularly performed work duties during their meal and rest breaks.

25.     Defendants failed to provide regular meal and rest periods to Hourly Claims Examination Employees as required under the relevant provisions of the California Labor Code and Industrial Welfare Commission Order No. 4-2001 ("Wage Order").

26.     Defendants failed to provide regular meal and rest periods to Salaried Claims Examination Employees as required under the relevant provisions of the California Labor Code and Industrial Welfare Commission Order No. 4-2001 ("Wage Order").

27.     Plaintiff seeks a declaration that his rights, and the rights of the putative Class (defined below), were violated, an award of unpaid wages, an award of liquidated damages, injunctive and declaratory relief, attendant penalties, and an award of attorneys' fees and costs to make them whole for damages they suffered, and to ensure that they and future workers will not be subjected by Defendants' to such illegal conduct in the future.

28.     Plaintiff brings this action on behalf of himself and other Hourly Claims Examination Employees, who, due to Defendant's overtime reporting deterrence policy, were not paid all earned overtime pay for time they worked in excess of forty (40) hours in individual workweeks in violation of

the FLSA and California law.

29.     Plaintiff brings this action on behalf of himself and other Salaried Claims Examination Employees, who, due to Defendant's uniform misclassification policy, were not paid all earned overtime pay for time they worked in excess of forty (40) hours in individual workweeks in violations of the FLSA.

30.     Plaintiff also brings individual and class action claims under California law.

31.     Plaintiff brings his state law claims pursuant to Fed. R. Civ. P. 23(b)(3) and 23(c)(4) for Defendants' failure to pay him and other Hourly Claims Examination Employees for all earned overtime pay and other violations of California law.

32.     Plaintiff also brings his state law claims pursuant to Fed. R. Civ. P. 23(b)(3) and 23(c)(4) for Defendants' failure to pay him and other Salaried Claims Examination Employees for all earned overtime pay and other violations of California law.

## JURISDICTION AND VENUE

33.     This Court has subject-matter jurisdiction over Plaintiff's FLSA claim pursuant to 29 U.S.C. §216(b), which provides that suit under the FLSA "may be maintained against any employer … in any Federal or State court of competent jurisdiction."

34.     This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a) because this claim arises from a common set of operative facts and is so related to the claims within this Court's original jurisdiction that they form a part of the same case or controversy.

35.     This Court has personal jurisdiction over Defendants because Defendants conducted business in this State, had systematic and continuous ties with this state, and had agents and representatives in this state.  Thus, Defendants have sufficient minimum contacts with or otherwise purposefully avail themselves of the markets in the State of California, or otherwise has sufficient contacts with this District to justify them being fairly brought into court in this District.

36.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)-(d) because Plaintiff and the putative Collective/Class members worked and were paid in this District and the obligations, liabilities, and breaches complained of herein arose or occurred in this District.  Defendants own, operate, and/or maintain an office, transact business, employ Claims Examination Employees within the District, or otherwise are found within the District. Defendants are within the jurisdiction of this Court for purpose of service of

4

process.

## PARTIES

37.     Plaintiff is a resident of Los Angeles, California, and signed a consent form to join this collective action lawsuit, which is attached as **Exhibit A**.

38.     Plaintiff worked for Defendants as a Claims Examination Employee from December 2016 to July 2019.

39.     Plaintiff worked for Defendants as a Hourly Claims Examination Employee within the last three years.

40.     Plaintiff worked for Defendants as a Salaried Claims Examination Employee within the last three years.

41.     Plaintiff (like other Claims Examination Employees) was compensated on an hourly basis before being shifted to a salary position after approximately eighteen months.  At all times relevant, Plaintiff typically worked approximately 40 or more hours per week and more than 8 hours per day. Throughout his employment with Defendants, Plaintiff was required to work a substantial amount of unpaid time, including overtime, as part of his job as a Claims Examination Employee.  Plaintiff was forced to work during his meal periods, and often did not receive any rest periods during a typical workday.

42.     Additional individuals were or are employed by Defendants as Hourly Claims Examination Employees and Salaried Claims Examination Employees during the past four years and their consent forms will also be filed in this case.

43.     Defendant, Unum Group Corporation, is an "active status" California corporation with a service of process address listed as Corporation Service Company which will do business in California as CSC – Lawyers Incorporating Service, 2710 Gateway Oaks Drive, Suite 150N, Sacramento, California 95833 and a California Corporate Number of C2106692.

44.     Defendant, Unum Life Insurance Company of America, is an "active status" California corporation with a service of process address listed as Corporation Service Company, doing business in California as CSC – Lawyers Incorporating Service, 2710 Gateway Oaks Drive, Suite 150N, Sacramento, California 95833 and a California Corporate Number of C0595749.

45.     At all times herein mentioned, Defendants' acts and omissions proximately caused the

5

complaints, injuries, and damages alleged herein.

## GENERAL ALLEGATIONS

46.    Defendants generally start employing Hourly Claims Examination Employees for a period of six to eighteen months in which they are paid on an hourly basis and are required to self-report their time.

47.    The first nine weeks is spent in a classroom environment, followed by on the job training with a mentor.  During this "training" period, the Associate Claims Examination Employees are paid on an hourly basis and are required to self-report the time that they worked.

48.    Once promoted, the Associate Claims Examination Employee become Salaried Claims Examination Employees.

49.    Once they become Salaried Claims Examination Employees, Claims Examination Employees are paid on a salary basis without overtime.

50.    Both Associate Claims Examination Employees and Salaried Claims Examination Employees receive performance-based bonuses, based on the success of the company and the outcome of the Claims Examination Employee's performance reviews.  Since late 2018, these performance-based bonus have been paid on a quarterly basis.

51.    Despite being converted from hourly pay to salaried compensation, Salaried Claims Examination Employeesperform the same essential job tasks performed by Associate Claims Examination Employees and work similar hours.

52.    During his employment with Defendants, Plaintiff primarily performed Claims Review Work.

53.    During his employment with Defendants, Plaintiff was not required to hold a degree from a college or university in order to perform Claims Examination Work.

54.    During his employment with Defendants, Plaintiff's job duties did not include regularly directing the work of two or more employees.

55.    During his employment with Defendants, Plaintiff did not have the authority to hire, fire, suspend or otherwise discipline any of Defendants' other employees.

56.     During his employment with Defendants, Plaintiff's primary job duty was not managing Defendants' business or any subdivision of Defendants' business.

57.     During his employment with Defendants, Plaintiff's job duties were routine and rote and did not include the exercise of discretion and independent judgment with respect to matters of significance.

58.     During his employment with Defendants, Plaintiff could not waive or deviate from Defendants' established policies or procedures in performing Claims Review Work without prior approval.

59.     During his employment with Defendants, Plaintiff's job duties did not involve developing, reviewing, or evaluating the business policies of Defendants or Defendants' customers.

60.     During his employment with Defendants, Plaintiff's job duties did not involve formulating, interpreting or implementing management policies for Defendants or Defendants' customers.

61.     During his employment with Defendants, Plaintiff's job duties did not involve formulating, interpreting or implementing operating practices for Defendants or Defendants' customers.

62.     During his employment with Defendants, Defendants required Plaintiff to perform his job duties in accordance with its corporate policies, procedures, guidelines, and guidelines embedded in Defendants' computer software.

63.      During his employment with Defendants, Plaintiffs' job duties did not involve creating or drafting the corporate policies, procedures, and guidelines pertaining to Claims Review Work.

64.     During his employment with Defendants, Plaintiff's job duties did not involve assessing liability and assigning percentages of fault to parties, evaluating bodily injuries, negotiating final settlements, or setting and adjusting reserves for claims.

65.     During his employment with Defendants, Plaintiff's job duties did not involve planning the short-term or long-term business objectives of Defendants or Defendants' customers.

66.     Plaintiff and other Claims Examination Employees do not exercise independent judgment

7

or discretion with respect to matters significance in performing Claims Review Work.

67. Plaintiff and other Claims Examination Employees were not required to have a college or university degree to perform Claims Examination Work.

68. Plaintiff and other Claims Examination Employees did not have the authority to hire, fire, or discipline any of Defendants' other employees.

69. Whether labeled as Associate Claims Examination Employees or Salaried Claims Examination Employees, Defendants' Claims Examination Employees were "nonexempt" under California and federal law.

### Off-the-Clock Work and Unpaid Overtime

70. Plaintiff and other Claims Examination Employees worked, on average, 45 to 70 hours in a workweek. Accordingly, each Claims Examination Employee, whether labeled as an Associate Claims Examination Employee or a Salaried Claims Examination Employee, was entitled to overtime. However, Defendants' timekeeping system was purposely designed to prevent both Associate Claims Examination Employees and Salaried Claims Examination Employees from receiving overtime compensation.

71. Defendants did not require their Salaried Claims Examination Employees to clock in/out for their shifts and did not otherwise track the Salaried Claims Examination Employees' work time through any manual or computerized timekeeping system.

72. As Associate Claims Examination Employees, Plaintiff and other Associate Claims Examination Employees were required to self-report the number of hours worked. However, Defendants knew that the time records submitted by Associate Claims Examination Employees were inaccurate. Defendants rigidly scheduled Associate Claims Examination Employees for forty-hour workweeks, with set beginning and ending periods and lunch breaks. Nevertheless, Defendants regularly assigned Associate Claims Examination Employees with tasks that required them to work more than the forty hours they were scheduled during a workweek.

73. Despite assigning their Associate Claims Examination Employees with work that necessitated overtime, Defendants actively discouraged Associate Claims Examination Employees from reporting any deviations to the regularly scheduled hours, especially any overtime hours. Defendants required senior management to approve any overtime reported by their Associate Claims Examination

Employees and regularly disciplined employees who did report overtime hours.  Accordingly, Associate Claims Examination Employees were not able to report that they worked more than their scheduled hours.

74.     Defendants, however, knew that Associate Claims Examination Employees were working more than their schedule eight-hour workdays and forty-hour workweeks.  Defendants' various systems tracked when an employee's computer was in use, when an employee logged into and used various software programs, and submitted required activity logs.  For example, Defendants maintained a system called "Navilink" to see when work assignments were completed.  This program provided time-stamps for all work performed by all Claims Examination Employees.  Defendants regular reviewed this system to track the productivity of their employees and knew or should have known that their Claims Examination Employees were working overtime.  Additionally, Defendants tracked when employees checked out laptops to work from home after their shift.

75.     Despite knowing that Associate Claims Examination Employees worked outside their assigned working hours and worked in excess of eight hours in a workday and forty hours in a workweek, Defendants failed to pay Associate Claims Examination Employees for all the hours they worked at the appropriate hourly rate.  Instead, Defendants used a combination of strict managerial controls and a self-reporting timekeeping system to underpay their Associate Claims Examination Employees.

76.     Similarly, when Associate Claims Examination Employees were promoted to Salaried Claims Examination Employee positions, they still did not receive overtime.  Defendants misclassified Plaintiff and other Salaried Claims Examination Employees as "exempt" to avoid paying any overtime wages.  In doing so, Defendants failed to pay these Salaried Claims Examination Employees all the wages due to them under the law.

**Meal and Rest Period Violations**

77.     Whether labeled as Associate Claims Examination Employees or Salaried Claims Examination Employees, each Claims Examination Employee is entitled to meal and rest periods under California and federal law.  "State law obligates employers to afford their nonexempt employees meal periods and rest periods during the workday."  *Brinker Restaurant Corp. v. Superior Court*, 53 Cal.4th 1004, 1018 (2012), *citing* Cal. Lab. Code, §§ 226.7, 512.  "[A]n employer must relieve the employee of all duty for the designated period, but need not ensure that the employee does no work."  *Brinker*, *supra*,

at 1034.

78.     Under California law, an employer may not employ a person for a work period of more than five (5) hours without providing the employee with a meal period of not less than thirty (30) minutes, and may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than (30) minutes.

79.     Under the federal law, in order to deduct an unpaid meal period from an employees' compensable time, an employee must also be completely relieved of his or her employment duties for the entire lunch break.  29 CFR 785.19(a) states:

> Bona fide meal periods. Bona fide meal periods are not work time. Bona fide meal periods do not include coffee breaks or time for snacks. These are rest periods. The employee must be _completely relieved_ from duty for the purposes of eating regular meals. Ordinarily 30 minutes or more is long enough for a bona fide meal period. A shorter period may be long enough under special conditions. The employee is not relieved if he is required to perform any duties, whether active or inactive, while eating. For example, an office employee who is required to eat at his desk or a factory worker who is required to be at his machine is working while eating.

(emphasis added).

80.     Under California law, employers must also permit and authorize a paid ten-minute rest period for every four hours of work, or major fraction thereof.

81.     Defendants, however, did not provide their Claims Examination Employees with a 30-minute meal period for every five hours worked.  Instead, Defendants often required that Employees eat at their desks, to ensure that they could continue to work during their meals.  Defendants further forced Associate Claims Examination Employees to report that they were not working during any meal period, for payroll purposes, despite the fact that they were not relieved of all work duties.  Accordingly, Defendants did not pay the Claims Examination Employees for all hours worked.

82.     Defendants were aware that Plaintiff and other Claims Examination Employees did not receive meal periods, but did not provide the Claims Examination Employees with an hour of premium pay at their regular rate of compensation for each workday that a meal period was not provided, as required by California law. Nor did they pay Claims Examination Employees for the time that they worked during such meal periods.

83.     Defendants also had a consistent policy of failing to permit and authorize their Claims

10

Examination Employees, including Plaintiff, paid rest periods of at least ten minutes per four hours worked or major fraction thereof and fail to pay such employees one hour of pay at the employees regular rate of compensation for each workday that the paid rest period is not permitted and authorized, as required by California state wage and hour laws.

### Failure to Pay Wage Premiums at the Regular Rate

84.     Defendants paid Claims Examination Employees on a salary or hourly basis.

85.     Defendants paid periodic bonuses to Claims Examination Employees for meeting certain performance goals.

86.     These bonuses paid to Claims Examination Employees were formulaically determined and were non-discretionary.

87.     Under FLSA, the regular rate is the "keystone" to calculating the overtime rate.  *Walling v. Youngerman-Reynolds Hardwood Co.*, 325 U.S. 419 (1945).  It is "the hourly rate actually paid the employee for the normal, nonovertime workweek for which he is employed." 29 C.F.R. §778.108.

88.     No matter how an employee is paid—whether by the hour, by the piece, on a commission, or on a salary—the employee's compensation must be converted to an equivalent hourly rate from which the overtime rate can be calculated.  29 C.F.R. §778.109.  "The regular hourly rate of pay is determined by dividing the employee's total remuneration for employment (except statutory exclusions) in any workweek by the total number of hours actually worked by the employee in that workweek for which such compensation was paid." *Id*.

89.     Defendants' salary and bonus compensation did not fall within any of the statutory exclusions from the regular rate as provided in 29 U.S.C. §§ 207(e)(1)-(8).

90.     An employee's regular rate of pay is computed by reference to the number of hours the commission payment is intended to compensate. 29 C.F.R. §778.117.

> This is true regardless of whether the commission is the sole source of the employee's compensation or is paid in addition to a guaranteed salary or hourly rate, or on some other basis, and regardless of the method, frequency, or regularity of computing, allocating and paying the commission. It does not matter whether the commission earnings are computed daily, weekly, biweekly, semimonthly, monthly, or at some other interval. The fact that the commission is paid on a basis other than weekly, and that payment is delayed for a time past the employee's normal pay day or pay period, does not excuse the employer from including this payment in the employee's regular

11

rate. *Id.*

91.     There is a statutory presumption that remuneration in any form must be included in the regular rate calculation. The burden is on Defendants to establish that any payment should be excluded. Thus, determining the regular rate starts from the premise that all payments made to Plaintiff for work performed are included in the base calculation unless specifically excluded by statute.

92.     Even "[w]hen the commission is paid on a weekly basis, it is added to the employee's other earnings for that workweek (except overtime premiums and other payments excluded as provided in section 7(e) of the Act), and the total is divided by the total number of hours worked in the workweek to obtain the employee's regular hourly rate for the particular workweek. The employee must then be paid extra compensation at one-half of that rate for each hour worked in excess of the applicable maximum hours standard." 29 C.F.R. §778.118.

93.     Once the total amount of an employee's "regular" compensation is deduced, "the determination of the regular rate becomes a matter of mathematical computation." *Walling v. Youngerman-Reynolds Hardwood Co.*, 325 U.S. 419, 425 (1945). The regular rate must be expressed as an hourly rate because, although any method of compensating an employee is permitted, the FLSA imposes its overtime requirements in terms of hourly wages. Thus, if necessary, an employer must convert an employee's wages to rate per hour to determine compliance with the statute.

94.     Because Defendants' compensation scheme failed to incorporate the regular rate of pay, Defendants failed to properly compensate Plaintiff and other Claims Examination Employees under the FLSA.

95.     Similarly, under California law, overtime premium wages and premium wages for missed meal and rest periods are based on the regular rate of pay.  Employees are entitled to no less than one and one-half times the *regular rate* of pay for work in excess of eight hours in one workday and forty hours in a workweek.  Any work in excess of twelve hours in a workday shall be compensated at the rate of no less than twice the *regular rate* of pay for an employee.

96.     The California Division of Labor Standards Enforcement Manual section 49.2.4.2 provides a reasonable formula for calculating overtime on a flat sum bonus.  The flat sum bonus formula set forth in sections 49.2.4.2 and 49.2.4.3 of the Manual, which uses a divisor of straight time, instead of total hours worked to set the regular bonus rate, a multiplier of 1.5, rather than 0.5, to fix the bonus overtime due, and

12

produces "a premium based on bonus" that is necessary to avoid encouraging the use of overtime. Similarly, meal and rest break wage premiums should be calculated in the same manner.

97.     Because Defendants' compensation scheme failed to incorporate the California Division of Labor Standards Enforcement Manual formula for calculating their employees' "regular rate," Defendants failed to properly and fully compensate Plaintiff and other Claims Examination Employees under the California Labor Code.

**Failure to Keep Accurate Time Records and Wage Statements**

98.     As noted above, Defendants required their Associate Claims Examination Employees to self-report their hours worked.  Defendants did not keep any time records for its Salaried Claims Examination Employees.  Defendants knew that these employees were working off-the-clock, or were not receiving overtime pay, due to inaccurate and incomplete time-clock records.  Nevertheless, Defendants maintained their inaccurate time-keeping policies and procedures.

99.     California law requires Defendants to keep payroll records showing the hours worked daily by, and the wages paid to, employees.  *See* Lab Code §1174.  As the California Supreme Court noted, the burden is on the employer to devise an accurate time-keeping system.  *See Troester v. Starbucks Corporation*, 5 Cal. 5th 829, 840-841, *as modified on denial of reh'g* (Aug. 29, 2018).  Likewise, failing to accurately account for and pay for all of the time actually worked by employees is a clear violation of FLSA's record keeping requirements.  *See* 29 U.S.C. § 211(c).

100.     Defendants could have devised an accurate time-clock system.  Indeed, Defendants' systems already track their Claims Examination Employees' work-related activities when logged into their computer systems.  Defendants could have easily used this information to ensure that their employees were fully paid.  Defendants could have also used a number of "off-the-shelf" time-clock systems to record their Claims Examination Employees' hours.  But Defendants chose to maintain time-clock systems, and other policies and procedures, which ensured that their Claims Examination Employees were not fully compensated, in a bid to save on labor costs.

101.     As a result of their deficient time keeping records, Defendants knowingly did not accurately report their Claims Examination Employees' hours worked and rates paid on these Claims Examination Employees' wage statements in violation of California law.  California Labor Code Section

13

226(a) provides, in pertinent part:

> Every employer shall… at the time of each payment of wages, furnish each of his or her employees… an accurate itemized wage statement in writing showing (1) Gross wages earned… (9) All applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

102.    Further, California Labor Section 226(e)(1) states:

> An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000) and is entitled to an award of costs and reasonable attorney's fees.

Defendants were well aware that they were under reporting the hours worked and rates earned on each Claims Examination Employee's wage statement, through their management of their employees and their tracking of work-related tasks (including computer system logs).  The inaccurate wage statements caused confusion over whether Claims Examination Employees received all wages owed them.  Accordingly, Claims Examination Employees were injured by Defendants failure to comply with California law.

### Failure to Reimburse Necessary Business Expenses

103.    Defendants periodically allowed its Claims Examination Employee to work from outside of their established offices.  Remote work became mandatory during Covid-19.  As such, Defendants required Plaintiff and other Claims Examination Employees to use their own personal internet and phone plans to conduct work tasks.  Defendants did not reimburse Plaintiff and other Claims Examination Employees for these necessary business expenses.

104.    California Labor Code Section 2802(a) requires an employer to "indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer…."  When employees must use their personal phones or internet for work-related communications, employers must pay some reasonable percentage of those phone bills even if employees incurred no extra expenses using their cell phone for work.

105.    Defendants failure to reimburse Plaintiff and other Claims Examination Employees resulted in injury.

**Defendants Unlawfully Benefitted From Their Claims Examination Employees' Uncompensated Work**

106.    At all relevant times, Defendants directed and directly benefited from the uncompensated work performed by their Claims Examination Employees.

107.    At all relevant times, Defendants controlled the work schedules, duties, protocols, applications, assignments, and employment conditions of the Claims Examination Employees.

108.    At all relevant times, Defendants were able to track the amount of time Claims Examination Employees spent starting up, logging in to, and logging out of Defendants' computer and phone systems; however, Defendant failed to document, track, or pay Claims Examination Employees for all the work they performed, including off-the-clock work.

109.    At all relevant times, Plaintiff was a non-exempt employee, subject to the requirements of the FLSA and the California Labor Code.

110.    At all relevant times, Defendants used its attendance and adherence policies against its Claims Examination Employees in order to pressure them into arriving early, staying late, and working off-the-clock.

111.    At all relevant times, Defendants' policies and practices deprived Claims Examination Employees of wages owed for the pre-shift, meal periods, and post-shift work activities. Because Defendants' Claims Examination Employees typically worked 40 hours or more in a workweek, and more than eight (8) hours per day, Defendants' policies and practices also deprived them of overtime pay.

112.    Defendants knew or should have known that Plaintiff and other Claims Examination Employees' off-the-clock work was compensable under the law. Indeed, in light of the explicit DOL guidance cited above, there is no conceivable way for Defendants to establish that it acted in good faith.

113.    As non-exempt employees, Defendants' Claims Examination Employees were entitled to full compensation for all overtime hours worked at a rate of 1.5 times their "regular rate" of pay.

114.    Because Defendants' weekly pay period compensation scheme did not pay commissions in the week in which they were earned, Defendants failed to properly compensate Plaintiff and other Claims Examination Employees under the California Labor Code. *See e.g.*, *Peabody v. Time Warner Cable, Inc.*, 59 Cal. 4th 662, 663 (Cal. 2014) (An employer may not attribute commission wages paid in

one pay period to other pay periods in order to satisfy the minimum earnings prong of the commissioned employee exemption to the overtime requirement in Lab. Code, § 510).

115.     The California Legislature has commanded that "all wages... ...earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays," and further that "[a]ny work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek . . . shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee." (Lab. Code § 204 and § 510(a).) The Industrial Welfare Commission (IWC), however, is statutorily authorized to "establish exemptions from the requirement that an overtime rate of compensation be paid... ...for executive, administrative, and professional employees, provided [*inter alia*] that the employee is primarily engaged in duties that meet the test of the exemption, [and] customarily and regularly exercises discretion and independent judgment in performing those duties..." (Lab. Code § 510(a)). None of the Claims Examination Employees qualify for exemption from the above requirements.

116.     Pursuant to Cal. Lab. Code § 204, other applicable laws and regulations, and public policy, an employer must timely pay its employees for all hours worked.

117.     Defendants maintained a uniform wage practice of paying the Claims Examination Employees without regard to the true number of all hours worked, including overtime hours they worked. As set forth herein, Defendants' uniform policy and practice was to unlawfully and intentionally deny timely payment of wages due for all hours worked at the minimum wage required, including the overtime hours worked by the Plaintiff and Claims Examination Employees.

**JOINT EMPLOYER ALLEGATIONS**

118.     Under the FLSA, "employer" is defined as "any person acting directly or indirectly in the interest of an employer in relation to an employee. 29 U.S.C. § 203(d).

119.     The definition of "employer" under the FLSA is not limited by the common law concept of "employer," and is to be given an expansive interpretation in order to effectuate the FLSA's broad remedial purposes. *Real v. Driscoll Strawberry Assocs.,* 603 F.2d 748, 754 (9th Cir. 1979).

120.     Congress defined "employee" as "any individual employed by an employer," 29 U.S.C. § 203(e)(1), describing this language as "the broadest definition that has ever been included in any one act."

*United States v. Rosenwasser*, 323 U.S. 360, 363 n.3, 65 S.Ct. 295, 89 L.Ed. 301 (1945) (quoting 81 Cong. Rec. 7657 (1937) (statement of Sen. Hugo Black)); *Tony & Susan Alamo Found. v. Sec'y of Labor*, 471 U.S. 290, 300 n.21, 105 S.Ct. 1953, 85 L.Ed.2d 278 (1985) (same).

121. The determination of whether an employer-employee relationship exists does not depend on "isolated factors but rather upon the circumstances of the whole activity." *Rutherford Food Corp. v. McComb,* 331 U.S. 722, 730, 67 S.Ct. 1473, 1477, 91 L.Ed. 1772 (1947). The touchstone is "economic reality." *Goldberg v. Whitaker House Cooperative, Inc.,* 366 U.S. 28, 33, 81 S.Ct. 933, 936, 6 L.Ed.2d 100 (1961).

122. Two or more employers may jointly employ someone for purposes of the FLSA. *Falk v. Brennan,* 414 U.S. 190, 195, 94 S. Ct. 427, 431, 38 L.Ed.2d 406 (1973).

123. All joint employers are individually responsible for compliance with the FLSA. 29 C.F.R. § 791.2(a) (1981).

124. Regulations issued by the Department of Labor give the following examples of joint employment situations:

> (2) Where one employer is acting directly or indirectly in the interest of the other employer (or employers) in relation to the employee; or
>
> (3) Where the employers are not completely disassociated with respect to the employment of a particular employee and may be deemed to share control of the employee, directly or indirectly, by reason of the fact that one employer controls, is controlled by, or is under common control with the other employer.

29 C.F.R. § 791.2(b) (footnotes omitted).

125. The ultimate question of whether a party is an "employer" is a legal issue. *Bonnette v. California Health & Welfare Agency*, 704 F.2d 1465, 1469–70 (9th Cir. 1983). The ultimate determination must be based "upon the circumstances of the whole activity." *Id.* at 1470 (citing *Rutherford Food Corp. v. McComb*, 331 U.S. 722, 67 S.Ct. 1473, 1477, 91 L.Ed. 1772 (1947).

126. Defendants Unum Group Corporation and Unum Life Insurance Company of America entered into written agreements with the Claims Examination Employees.

127. Defendants controlled the rate and method of wage payment for the Claims Examination Employees. Defendants' unilateral changes to the rate and method of payment were communicated by

calling meetings with the Claims Examination Employees to inform them of the changes.  Plausibly, by Defendants' exercise of control, input, and responsibility over the rate and method of wage payment for Plaintiff, they meet the test for joint employer.

128.    Defendants controlled and dictated when each Claims Examination Employee could take their meal and rest periods.  Plausibly, by Defendants' exercise of control, input, and responsibility over the Claims Examination Employees' meal periods, they meet the test for joint employer.

129.    Defendants maintained employment records in connection with the Claims Examination Employees. Furthermore, Defendants actively kept, updated, and maintained the Claims Examination Employees' payroll records, reports, agreements, and performance evaluations related to their employment.  Plausibly, by Defendants' exercise of control, input, and responsibility over the Claims Examination Employees' employment records, they meet the test for joint employer.

130.    Defendants controlled the training, structure, and conditions of employment for Plaintiff. Plausibly, by Defendants' exercise of control, input, and responsibility over the training, structure and conditions of employment of the Claims Examination Employees, they meet the test for joint employer.

131.    Defendants were also responsible for the day-to-day supervision of Defendants' Claims Examination Employees.  Plausibly, by Defendants' exercise of control, input, and responsibility over the day-to-day supervision of Claims Examination Employees, they meet the test for joint employer.

132.    Defendants provided all the necessary tools, equipment, and materials used by the Claims Examination Employees. Specifically, they provided the computers, hardware, software, and telephones necessary for the Claims Examination Employees to perform their work.  Plausibly, by Defendants providing all necessary tools, equipment, and materials used by the Claims Examination Employees, they meet the test for joint employer.

133.    Defendants created and controlled the setting and monitoring of performance goals for the Claims Examination Employees. Plausibly, by Defendants' exercise of control, input, and responsibility over the setting and monitoring of performance goals of Plaintiff, they meet the test for joint employer. *Conde v. Open Door Mktg., LLC*, 223 F. Supp. 3d 949, 967 (N.D. Cal. 2017) (finding multiple companies and individual defendants were joint employers of sales and marketing workers).

134.    Defendants controlled the hiring and firing of Claims Examination Employees. Specifically, Defendants had the authority to hire and fire Claims Examination Employees as they saw fit,

and carried out the hiring and firing of Claims Examination Employees on a regular basis.  Plausibly, by Defendants' exercise of control, input, and responsibility over the hiring and firing of Claims Examination Employees, they meet the test for joint employer.

135.    Regardless of which of the Defendants is viewed as having had the power to hire and fire, their power over the employment relationship by virtue of their overarching control over the purse strings was substantial, and thus each Defendant meets the test for joint employer. *Bonnette, supra* at 1470.

136.    Regardless of any of the individual criteria for joint employer, as active business owners, Defendants also had complete economic control over the employment relationship. The fact that some Defendants may not have exercised each and every aspect of the test for employer under the law, and may have delegated some of the responsibilities to others, does not alter their status as employer; it merely makes them joint employers. *Id.*

137.    Whether employers, or joint employers, each Defendant is nevertheless liable for the wage violations pleaded in this Complaint.  *Falk, supra;* 29 C.F.R. § 791.2(a).

138.    The above well-pleaded facts all support Plaintiff's standing to sue each and every Defendant named herein as a joint employer and seek damages for the alleged violations under a joint employment theory.  *Conde v. Open Door Mktg., LLC*, 223 F. Supp. 3d 949, 966 (N.D. Cal. 2017); *Haralson v. United Airlines, Inc.*, 224 F. Supp. 3d 928, 940 (N.D. Cal. 2016).

## **FLSA COLLECTIVE ACTION ALLEGATIONS**

139.    Plaintiff bring this action pursuant to 29 U.S.C. § 216(b) of the FLSA on his own behalf and on behalf of the follow collectives:

### **Associate Claims Examination Employee FLSA Collective**
***All individuals employed by Defendants as Claims Examination Employees in California at any time in the last three years who were paid on an hourly basis and classified as non-exempt.***

### **Salaried Claims Examination Employee FLSA Collective**
***All individuals employed by Defendants as Claims Examination Employees in California at any time in the last three years who were paid on an salary basis and classified as exempt.***

(Collectively, the "FLSA Collectives").  Plaintiff reserves the right to amend this definition if necessary.

140.    Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate

19

Plaintiff and other similarly situated Claims Examination Employees.

141.    Excluded from the proposed FLSA Collectives are Defendants' executives, administrative, and professional employees, including computer professionals and outside sales persons.

142.    Consistent with Defendants' policy and pattern or practice, Plaintiff and the members of the FLSA Collectives were not paid premium overtime compensation when they worked beyond 40 hours in a workweek.

143.    All of the work that Plaintiff and members of the FLSA Collectives performed was assigned by Defendants, and/or Defendants were aware of all of the work that Plaintiff and members of the FLSA Collectives performed.

144.    As part of their regular business practice, Defendants intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and members of the FLSA Collectives.  This policy and pattern or practice includes, but is not limited to:

    a.   willfully failing to pay its employees, including Plaintiff and the FLSA Collectives, for all hours worked, including premium overtime wages for all hours worked in excess of 40 hours per workweek; and

    b.   willfully failing to record all of the time that its employees, including Plaintiff and the FLSA Collectives, worked for Defendants' benefit.

145.    Defendants are aware or should have been aware that federal law required them to pay Plaintiff and the FLSA Collectives overtime premiums for all hours worked in excess of 40 hours per workweek.

146.    Defendants failed to properly maintain timekeeping and payroll records pertaining to the FLSA Collectives under the FLSA, 29 U.S.C. § 211(c).

147.    Defendants' unlawful conduct was widespread, repeated, and consistent.

148.    A collective action under the FLSA is appropriate because the employees described above are "similarly situated" to Plaintiff under 29 U.S.C. § 216(b). The employees on behalf of whom Plaintiff brings this collective action are similarly situated because (a) they have been or are employed in the same or similar positions; (b) they were or are performing the same or similar job duties; (c) they were or are subject to the same or similar unlawful practices, policy, or plan; and (d) their claims are based upon the same factual and legal theories.

FIRST AMENDED COLLECTIVE & CLASS COMPLAINT AND JURY DEMAND

149.     The employment relationships between Defendants and every member of proposed FLSA Collectives are the same and differ only by name, location, and rate of pay. The key issues – the amount of uncompensated unpaid meal period time, the amount of off the clock work performed, and the regular rate owed to each employee – does not vary substantially among the members of the proposed FLSA Collectives.

150.     There are many similarly situated current and former Claims Examination Employees who were underpaid in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

151.     This notice should be sent to the FLSA Collectives pursuant to 29 U.S.C. § 216(b).

152.     Those similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records.

153.     Plaintiff estimates the proposed FLSA Collectives, including both current and former employees over the relevant period will include several hundreds of workers.  The precise number of FLSA Collective members should be readily available from a review of Defendants' personnel and payroll records.

### **RULE 23 CLASS ACTION ALLEGATIONS**

154.     Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(3) on his own behalf and on behalf of all similarly situated current and former employees of Defendants who are or were employed at any time in the last four years.  Plaintiff proposes the following class definitions:

**Associate Claims Examination Employee Class**
***All current and former Claims Examination Employees who worked for any Defendants at any time from September 28, 2016 through judgment, in California, and were paid on an hourly basis.***

**Salaried Claims Examination Employee Class**
***All current and former Claims Examination Employees who worked for any Defendants at any time from September 28, 2016 through judgment, in California, and were paid on a salary basis.***

(collectively, the "State Law Classes").  Plaintiff reserves the right to amend the putative class definition if necessary.

155.     The Associate Claims Examination Employee Class has more than 40 members.

156.   As a result, the Associate Claims Examination Employee Class is so numerous that joinder of all members is not practical.

157.   The Salaried Claims Examination Employee Class has more than 40 members.

158.   As a result, the Salaried Examination Employee Class is so numerous that joinder of all members is not practical.

159.   Plaintiff shares the same interests as the putative State Law Classes and will be entitled under the California Labor Code to unpaid overtime compensation, attorneys' fees and costs, and lost interest owed to them under nearly identical factual and legal standards as the remainder of the putative class.

160.   The putative State Law Classes meet the commonality requirement of Rule 23(a)(2) because, during the relevant period, Defendants engaged in a common course of conduct that violated the legal rights of Plaintiff and the State Law Classes.  Individual questions that Plaintiff's claims present, to the extent any exist, will be far less central to this litigation than the numerous material questions of law and fact common to the State Law Classes, including but not limited to:

    a.  Whether Defendants engaged in a policy or practice of failing to pay each Class member regular wages for each non-overtime hour worked.

    b.  Whether Defendants engaged in a policy or practice of failing to pay each Class member overtime compensation for each overtime hour worked;

    c.  Whether the Salaried Claims Examination Employee Class primarily performed non-exempt work;

    d.  Whether Defendants violated Labor Code sections 221 and 223 by making unlawful deductions to Class members' wages;

    e.  Whether Defendants violated Labor Code sections 226.2 and 226.7 by failing to permit and authorize paid rest periods;

    f.  Whether Defendants violated Labor Code section 204 by failing to pay earned wages within seven days of the end of the pay period;

    g.  Whether Defendants failed to provide each Class member with at least one 30-minute meal period on every workday of at least 5 hours and a second 30-minute meal period on every workday of at least 10 hours as required by the California Employment Law and Regulations;

    h.  Whether Defendants violated sections 201 to 203 of the Labor Code by willfully failing to pay all wages and compensation due each Class member who quit or

22

who was discharged;

i.   Whether Defendants violated section 226 of the Labor Code by willfully failing to provide accurate itemized wage statements showing the number of hours worked by each Class member and the corresponding hourly rate;

j.   Whether Defendants violated sections 1174 and 1175 of the Labor Code and the applicable Industrial Welfare Commission Orders by failing to maintain records pertaining to when Class members began and ended each work period, the total daily hours worked, and the total hours worked per pay period;

k.   Whether Defendants violated section 510 of the Labor Code and the applicable Industrial Welfare Commission Orders by failing to accurately calculate regular rates of pay for overtime purposes;

l.   Whether Defendants violated section 2208 of the Labor Code by willfully failing to reimburse each Class member any reasonable business expenses incurred;

m.   Whether Defendants were unjustly enriched by the work and services performed by Class members without compensation;

n.   Whether Defendants engaged in unfair business practices in violation of Business and Professions Code section 17200, *et seq.*; and

o.   Whether Defendants should be required to pay compensatory damages, attorneys' fees, penalties, costs, and interest for violating California state law.

161.   The status of all individuals similarly situated to Plaintiff raises an identical legal question: whether Defendants' Claims Examination Employees are entitled to back wages, including overtime.

162.   The putative State Law Classes meet the typicality requirement of Rule 23(a)(3) because Plaintiff and the putative members of the State Law Classes were all employed by Defendants and performed their job duties without receiving wages, including overtime wages, owed for that work.

163.   The putative State Law Classes meet the adequacy requirement of Rule 23(a)(4) because there is no apparent conflict of interest between Plaintiff and the putative members of the State Law Classes, and because Plaintiff's attorneys have successfully prosecuted many complex class actions, including wage and hour class and collective actions, and will adequately represent the interests of Plaintiff and the putative members of the State Law Classes.

164.   The putative State Law Classes meet the predominance requirement of Rule 23(b)(3), because issues common to the State Law Classes predominate over any questions affecting only their individual members, including but not limited to, those listed above.

23

165.     The State Law Classes meet the superiority requirement of Rule 23(b)(3) because allowing the parties to resolve this controversy through a class action would permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of evidence, effort, or expense that numerous individual actions would engender.

166.     Given the material similarity of the members of the State Law Classes' claims, even if each State Law Class member could afford to litigate a separate claim, this Court should not countenance or require the filing of hundreds or even thousands of identical actions.  Individual litigation of the legal and factual issues raised by Defendants' conduct would cause unavoidable delay, a significant duplication of efforts, and an extreme waste of resources.  Alternatively, proceeding by way of a class action would permit the efficient supervision of the State Law Classes' claims, create significant economies of scale for the Court and the parties, and result in a binding, uniform adjudication on all issues.

167.     Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the State Law Classes are entitled.

168.     The books and records of Defendants are material to the State Law Classes' claims because they disclose the hours or portion of the hours worked by each member of the Class and the rate of pay for that work.

### PAGA REPRESENTATIVE ACTION ALLEGATIONS

169.     On September 29, 2020, Plaintiffs gave written notice, *via* electronic submission, of violation of various provisions of the California Labor Code as alleged in this complaint to the Labor and Workforce Development Agency ("LWDA") and Defendants.

170.     The LWDA did not provide notice of its intention to investigate Defendants' alleged violations within the 60-day statutory period.  *See* Cal. Lab. Code § 2699.3(a).

### COUNT I
### VIOLATION OF FLSA, 29 U.S.C. § 201, *et seq.*
### FAILURE TO PAY OVERTIME WAGES
(on behalf of Plaintiff and the FLSA Collectives)

171.     Plaintiff re-alleges and incorporates all previous paragraphs herein.

172.     At all times relevant to this action, Defendants were engaged in interstate commerce, or in

24

the production of goods for commerce, as defined by the FLSA.

173.     At all times relevant to this action, Plaintiff and the FLSA Collectives were  "employees" of Defendants within the meaning of 29 U.S.C. § 203(e)(1) of the FLSA.

174.     This count arises from Defendants' violations of the FLSA by failing to pay overtime to Plaintiff and the FLSA Collectives at one and one-half times their regular rates when they worked over 40 hours in individual workweeks.

175.     Plaintiff was not exempt from the overtime provisions of the FLSA.

176.     Salaried Claims Examination Employees were not exempt from the overtime provisions of the FLSA.

177.     Plaintiff and members of the FLSA Collectives, by virtue of their job duties and activities actually performed, are all non-exempt employees.

178.     Plaintiff was directed to work, and did work, over 40 hours in one or more individual workweeks.

179.     Other members of the FLSA Collectives were directed to work, and did work, over 40 hours in one or more individual workweeks.

180.     During his employment as an Associate Claims Examination Employee, Defendants paid Plaintiff on an hourly, non-exempt basis.

181.     Defendants paid other members of the Associate Claims Examination Employee FLSA Collective on an hourly, non-exempt basis.

182.     During his employment as a Salaried Claims Examination Employee, Defendants paid Plaintiff a salary and no overtime compensation.

183.     Defendants paid other members of the Salaried Claims Examination Employee FLSA Collective a salary and no overtime compensation.

184.     Other members of the Salaried Claims Examination Employee FLSA Collective were paid on an hourly, non-exempt basis, and were entitled to overtime for their overtime work.

185.     Defendants violated the FLSA by failing to pay overtime to Plaintiff at one and one-half times his regular rate of pay when he worked over 40 hours in one or more individual workweeks during his employment as an Associate Claims Examination Employee.

186.    Defendants violated the FLSA by failing to pay overtime to other Associate Claims Examination Employee FLSA Collective members at one and one-half times their regular rates of pay when they worked over 40 hours in one or more individual workweeks.

187.    Defendants violated the FLSA by failing to pay overtime to Plaintiff at one and one-half times his regular rate of pay when he worked over 40 hours in one or more individual workweeks during his employment as a Salaried Claims Examination Employee.

188.    Defendants violated the FLSA by failing to pay overtime to other Salaried Claims Examination Employee FLSA Collective members at one and one-half times their regular rates of pay when they worked over 40 hours in one or more individual workweeks.

189.    At all times relevant to this action, Defendants required Plaintiff and members of the FLSA Collectives to perform off-the-clock work each shift, but failed to pay these employees the federally mandated overtime compensation for this work.

190.    The off-the-clock work performed every shift by Plaintiff and the members of the FLSA Collectives was an essential part of their jobs and these activities and the time associated with these activities is not *de minimis*.

191.    In workweeks where Plaintiff and other members of the FLSA Collectives worked 40 hours or more, the uncompensated off-the-clock work time and all other overtime should have been paid at the federally mandated rate of 1.5 times each employee's regularly hourly wage.  29 U.S.C. § 207.

192.    Defendants' violations of the FLSA were knowing and willful. Defendants knew or could have determined how long it took for their Claims Examination Employees to perform their off-the-clock work. Further, Defendants could have easily accounted for and properly compensated Plaintiff and the members of the FLSA Collectives for these work activities, but did not.

193.    The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, each employee is entitled to his or her unpaid wages (including unpaid overtime), plus an additional equal amount in liquidated damages (double damages), plus costs and reasonable attorneys' fees.

**COUNT II**
**VIOLATION OF CALIFORNIA LABOR CODE §§ 510, 1194, 1198**
**AND IWC WAGE ORDER 4 – FAILURE TO PAY OVERTIME**
(on behalf of Plaintiff and the State Law Classes)

FIRST AMENDED COLLECTIVE & CLASS COMPLAINT AND JURY DEMAND

194.   Plaintiff re-alleges and incorporates all previous paragraphs herein.

195.   At all relevant times, Defendants regularly and consistently maintained corporate policies and procedures designed to reduce labor costs by reducing or minimizing the amount of compensation paid to its employees, especially overtime compensation.

196.   At all relevant times, Plaintiff and the members of the State Law Classes regularly performed non-exempt work and were thus subject to the overtime requirements of California law.

197.   Labor Code §§ 510 and 1198 and Industrial Welfare Commission ("IWC") Wage Order No. 4 § 3(A) provide that: (a) employees are entitled to compensation at the rate of one and one-half times their regular rate of pay for all hours worked in excess of eight (8) hours in a workday up to twelve (12) hours in a workday, in excess of forty (40) hours in a workweek, and for the first eight (8) hours of work on the seventh (7th) consecutive day or a workweek; and (b) employees are entitled to compensation at the rate of twice their regular rate of pay for all hours worked in excess of twelve (12) hours in a workday, and in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek.

198.   At all relevant times, Plaintiff and the members of the State Law Classes regularly worked in excess of eight (8) hours in a workday and/or in excess of forty (40) hours in a workweek.

199.   At all relevant times, Defendants failed and refused to pay Plaintiff and the members of the State Law Classes for any and all hours actually worked in excess of the scheduled shift.

200.   Defendants intentionally, maliciously, fraudulently and with the intent to deprive Plaintiff and the members of the State Law Classes of their ability to earn a living so as to reduce their labor costs, knowingly and willingly implemented a scheme or artifice to avoid paying overtime by reducing the rate of pay to Plaintiff and the members of the State Law Classes who worked overtime hours.

201.   Plaintiff and the members of the State Law Classes were entitled to receive overtime compensation at their lawful regular rate of pay, including the shift differential where applicable. Defendants' failure to pay lawful premium overtime wages, as alleged above, was a willful violation of Labor Code §§ 510, 1198, and IWC Wage Order No. 4.

202.   Wherefore, Plaintiff demands payment of the unpaid balance of the full amount of wages due for unpaid time worked, as well as overtime premiums owing, including interest thereon, penalties, reasonable attorneys' fees, and costs of suit pursuant to Labor Code §§ 1194 and 1194.2 as a result of

Defendants' failure to pay for all time worked and such premium compensation, as is required under California law.

### COUNT III
### VIOLATION OF CALIFORNIA LABOR CODE §§ 221 and 223
### UNLAWFUL DEDUCTIONS
(on behalf of Plaintiff and the State Law Classes)

203.    Plaintiff re-alleges and incorporates all previous paragraphs herein.

204.    At all relevant times, Defendants regularly and consistently maintained corporate policies and procedures designed to reduce labor costs by reducing or minimizing the amount of compensation paid to its employees, especially overtime compensation.

205.    Defendants made deductions from Plaintiff's and the members of the State Law Classes' paychecks in the amount of the overtime premiums earned by the employee during the pay period so as to avoid paying overtime compensation.

206.    Labor Code § 221 provides it is unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by employer to employee.

207.    Labor Code § 223 provides that where any statute or contract requires an employer to maintain the designated wage scale, it shall be unlawful to secretly pay a lower wage while purporting to pay the wage designated by statute or by contract. Labor Code section 225 further provides that the violation of any provision of Labor Code §§ 221 and 223 is a misdemeanor.

208.    As a result of the conduct alleged above, Defendants unlawfully collected or received from Plaintiff and the members of the State Law Classes part of the wages paid to their employees.

209.    Wherefore, Plaintiff demands the return of all wages unlawfully deducted from the paychecks, including interest thereon, penalties, reasonable attorneys' fees, and costs of suit pursuant to Labor Code §§ 225.5 and 1194.

### COUNT IV
### VIOLATION OF CALIFORNIA LABOR CODE §§ 226.7 and 512
### FAILURE TO PROVIDE MEAL BREAKS
(on behalf of Plaintiff and the State Law Classes)

210.    Plaintiff re-alleges and incorporates all previous paragraphs herein.

211.    Labor Code § 512, and IWC Wage Order No. 7 § 11(A) and (B) provide that an employer may not employ a person for a work period of more than five (5) hours without providing the employee with

28

a meal period of not less than thirty (30) minutes, and may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than (30) minutes.

212.    At all relevant times, Plaintiff and the members of the State Law Classes consistently worked in excess of five (5) or ten (10) hours in a day.

213.    At all relevant times, Defendants regularly required employees to perform work during their first and/or second meal periods without proper compensation. Defendants' practice of requiring employees to perform work during their legally mandated meal periods without premium compensation is a violation of Labor Code §§ 226.7 and 512, and IWC Wage Order No. 7.

214.    Defendants purposefully elected not to provide meal periods to Plaintiff and the members of the State Law Classes, and Defendants acted willfully, oppressively, and in conscious disregard of the rights of Plaintiff and the members of the State Law Classes in failing to do so.

215.    Plaintiff is informed and believes Defendants did not properly maintain records pertaining to when Plaintiff and the members of the State Law Classes began and ended each meal period, in violation of Labor Code §1174 and IWC Wage Order No. 7 § 7(A).

216.    As a result of Defendants' knowing, willful, and intentional failure to provide meal breaks, Plaintiff and the members of the State Law Classes are entitled to recover one (1) additional hour of pay at the employee's regular rate of pay for each work day that a meal period was not provided, pursuant to Labor Code § 226.7 and 1WC Wage Order No. 7 § 11(D), and penalties, reasonable attorneys' fees, and costs pursuant to Labor Code §§ 1194.

217.    Defendants' wrongful and illegal conduct in failing to provide Plaintiff and the members of the State Law Classes with meal breaks or to provide premium compensation, unless and until enjoined by order of this Court, will continue to cause great and irreparable injury to Plaintiff and the members of the State Law Classes in that Defendants will continue to violate these laws unless specifically ordered to comply with the same. The expectation of future violations will require current and future employees to repeatedly and continuously seek legal redress in order to gain compensation to which they are already entitled. Plaintiff and the members of the State Law Classes have no other adequate remedy at law to ensure future compliance with the laws alleged herein to have been violated.

218.    Wherefore, Plaintiff demands pursuant to Labor Code Section 227.7(b) that Defendants pay each Class member one additional hour of pay at the Class member's regular rate of compensation for each work day that the meal period was not provided.

/ / /

/ / /

/ / /

## COUNT V
## VIOLATION OF CALIFORNIA LABOR CODE §§ 226 and 1174
## FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS
(on behalf of Plaintiff and the State Law Classes)

219.    Plaintiff re-alleges and incorporates all previous paragraphs herein.

220.    Labor Code §§ 226 and 1174 provide that every employer shall, semi-monthly or at the time of payment of wages, furnish each employee, either as a detachable part of the check or separately, an accurate, itemized statement in writing showing the total hours worked, and the applicable hourly rates and corresponding total number of hours worked.

221.    At all relevant times, Defendants failed to maintain proper records and furnish Plaintiff and the members of the State Law Classes, either semi-monthly or at the time of each payment of wages, an accurate, itemized statement conforming to the requirements of Labor Code §§ 226 and 1174.

222.    At all relevant times, Defendants failed to furnish Plaintiff and the members of the State Law Classes with accurate wage statements in writing, showing: (1) gross wages earned; (2) total hours worked by each respective employee; (3) all deductions; (4) net wages earned; (5) the inclusive dates of the period for which the employee is paid; (6) the name of the employee and only the last four digits of his or her social security number or an employee identification number; (7) the name and address of the legal entity that is the employer; and (8) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate.

223.    Plaintiff is informed and believes that Defendants knew or should have known that Plaintiff and the members of the State Law Classes were entitled to receive wage statements compliant with Labor Code § 226 and 1174, and that Defendants willfully and intentionally failed to provide Plaintiff and the members of the State Law Classes with such accurate, itemized statements showing, for example, accurate

hours and overtime calculations.

224.    Wherefore Plaintiff demands that Defendants pay each and every Class member fifty dollars ($50.00) for the initial pay period in which the violation occurred and one hundred dollars ($100) for each subsequent violation, up to a maximum of four thousand dollars ($4,000.00) pursuant to Labor Code § 226, as well as reasonable attorneys' fees and costs.

**COUNT VI**
**VIOLATION OF CALIFORNIA LABOR CODE § 2802**
**FAILURE TO INDEMNIFY EMPLOYEES' EXPENSES AND LOSSES**
(on behalf of Plaintiff and the State Law Classes)

225.    Plaintiff re-alleges and incorporates all previous paragraphs herein.

226.    California Labor Code § 2802 provides that an employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties.

227.    During all relevant times, Defendants knowingly and willfully violated California Labor Code § 2802 by failing to pay Plaintiff and members of the State Law Classes who are no longer employed by Defendants all expenses and losses owed as alleged herein.  Defendants are therefore liable to Plaintiff and members of the State Law Classes for expenses and losses incurred in direct consequence of the discharge of Plaintiff's duties.

228.    Plaintiff individually and on behalf of the members of the State Law Classes, respectfully request that the Court award all expenses and losses due, and the relief requested below in the Prayer for Relief.

**COUNT VII**
**VIOLATION OF CALIFORNIA LABOR CODE §§ 226.2 AND 226.7**
**FAILURE TO PERMIT AND AUTHORIZE PAID REST PERIODS**
(on behalf of Plaintiff and the State Law Classes)

229.    Plaintiff re-alleges and incorporates all previous paragraphs herein .

230.    Pursuant to the IWC wage orders applicable to Plaintiff and members of the State Law Classes' employment by Defendants, "Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period…[The] authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours worked or major fraction thereof…Authorized rest period time shall be counted as hours

31

worked, for which there shall be no deduction from wages." Labor Code §§ 226.2 and 226.7(a) prohibits an employer from requiring any employee to work during any rest period mandated by an applicable order of the IWC.

231.   Defendants were required to authorize and permit employees such as Plaintiff and the members of the State Law Classes to take paid rest periods, based upon the total hours worked at a rate of ten (10) minutes net rest per four (4) hours, or major fraction thereof, with no deduction from wages. Despite said requirements of the IWC wage orders applicable to Plaintiff and Class Members' employment by Defendants, Defendants failed permit and authorize Plaintiff and the members of the State Law Classes, to take paid ten (10) minute rest periods for every four (4) hours worked, or major fraction thereof. Labor Code § 226.2, *et. seq*.

232.   Defendants failed to permit and authorize paid rest periods.

233.   For the four (4) years preceding the filing of this lawsuit, Defendants failed to provide Plaintiff and members of the State Law Classes the required paid rest periods pursuant to the IWC wage orders applicable to Plaintiff and members of the State Law Classes employment by Defendants and Labor Code §§226.2 and 226.7 and applicable IWC Wage Orders.

234.   As a proximate result of the aforementioned violations, Plaintiff and members of the State Law Classes have been damaged in an amount according to proof at time of trial.

235.   Pursuant to Labor Code §§ 226.2 and 226.7, Plaintiff and members of the State Law Classes are entitled to recover one (1) hour of premium pay for each day in which a paid rest period was not provided.

**COUNT VIII**
**VIOLATION OF BUSINESS AND PROFESSIONS CODE, § 17200, *et seq*.**
(on behalf of Plaintiff and the State Law Classes)

236.   Plaintiff re-alleges and incorporates all previous paragraphs herein.

237.   Defendants engaged in and continues to engage in unfair business practices in California by practicing, employing, and utilizing the unlawful practices described above, including (a) training and directing Claims Examination Employees to work off-the-clock without compensation; (b) making deductions to Claims Examination Employees' paychecks to recover overtime premiums earned by the employee; (c) requiring Claims Examination Employees to work overtime without lawful premium

compensation; (d) failing to provide lawful meal breaks or premium compensation in lieu thereof; and (e) failing to provide accurate, itemized wage statements.

238.  In addition, the conduct alleged in each of the previously stated causes of action constitute an unlawful and unfair business practice within the meaning of Business & Professions Code § 17200, *et seq.*

239.  As a result of Defendants' conduct, Plaintiff and members of the State Law Classes have been harmed as described in the allegations set forth above.

240.  The actions described above constitute false, unfair, fraudulent and deceptive business practices within the meaning of California Business & Professions Code § 17200, *et seq.* By and through such unfair, unlawful and/or fraudulent business practices, Defendants obtained valuable property, money, and services from Plaintiff and members of the State Law Classes, and have deprived Plaintiff and members of the State Law Classes fundamental rights and privileges guaranteed to all employees under California law.

241.  Defendants were unjustly enriched by the policies and practices described herein, and those policies and practices conferred an unfair business advantage on Defendants over other businesses providing similar services which routinely comply with the requirements of California law.

242.  Plaintiff seeks, on his own behalf, and on behalf of the putative Class members, full restitution of all monies withheld, acquired and/or converted by Defendants by means of the unfair practices complained of herein, as necessary and according to proof, and/or disgorgement of all profits acquired by Defendants by means of the acts and practices described herein.

243.  Plaintiff seeks, on his own behalf, and on behalf of other Class members similarly situated, an injunction to prohibit Defendants from continuing to engage in the unfair business practices complained of herein. Defendants' unlawful conduct, as described above, unless and until enjoined and restrained by order of this Court, will cause great and irreparable injury to Plaintiff and members of the State Law Classes in that Defendants will continue to violate these California laws unless specifically ordered to comply with the same. This expectation of future violations will require current and future employees to repeatedly and continuously seek legal redress in order to gain compensation to which they are entitled under California law. Plaintiff has no other adequate remedy at law to ensure future compliance with the California labor laws and

wage orders alleged to have been violated herein.

## COUNT IX
## VIOLATION OF CALIFORNIA LABOR CODE § 2698, *et seq.*
(on behalf of Plaintiff and the other similarly aggrieved employees)

244.   Plaintiff is an "aggrieved employee" under PAGA, as he was employed by Defendants during the applicable statutory period and suffered one or more of the Labor Code violations herein.  As such, Plaintiff seeks to recover, on behalf of himself and all other current and former aggrieved employees of Defendants, the civil penalties provided by PAGA, plus reasonable attorneys' fees and costs.

245.   Plaintiff seeks to recover the PAGA civil penalties through a representative action permitted by PAGA and the California Supreme Court in *Arias v. Superior Court*, 46 Cal. 4th 969 (2009).  Therefore, class certification of the PAGA claims is not required, but Plaintiff may choose to seek certification of the PAGA claims.

246.   Plaintiff seeks to pursue remedies pursuant to PAGA for violations of the California Labor Code, Sections 201-204, 226, 210, 226, 226.2, 226.7, 510, 512, 558, 1174, 1174.5, 1194, 1197.1, and 1198.

247.   Labor Code § 226.3 imposes a civil penalty in addition to any other penalty provided by law of two hundred fifty dollars ($250) per aggrieved employee for the first violation, and one thousand dollars ($1,000) per aggrieved employee or each subsequent violation of Labor Code § 226(a). *Pedroza v. PetSmart, Inc.*, 2012 U.S. Dist. LEXIS 189530, *20 (C.D. Cal. June 14, 2012).

248.   Pursuant to Labor Code § 203, for an employer who willfully fails to pay any wages of an employee who is discharged or quits, that employee's wages shall continue as a penalty from the due date at the same rate until paid, but shall not continue for more than thirty (30) days.  Labor Code § 256 imposes a civil penalty in an amount not exceeding thirty days' pay as waiting time under the terms of Labor Code § 203.

249.   California Labor Code § 558 provides that any employer who violated any provision regulating hours and days of work in any order of the IWC shall be subject to civil penalties.  As a result of Defendants' violation of Wage Order, Plaintiff and the aggrieved employees are entitled to and hereby seek civil penalties in the amount of $50 for the first violation and $100 for each subsequent violation.

250.  Under California Labor Code §§ 510 and 1194, Defendants are liable for failing to pay

Plaintiff and the aggrieved employees overtime.

251.  Under California Labor Code § 226.7, Defendants are liable for failing to pay Plaintiff and the aggrieved employees for work performed during unpaid meal periods or paying Plaintiff and the aggrieved employees one hour of pay for every such unpaid meal period.

252.  During the applicable statutory period, Defendants failed to keep payroll records showing total hours worked and wages paid to Plaintiff and the aggrieved employees.  Under California Labor Code § 1174(d), employers must keep "payroll records showing the hours worked daily by and the wages paid to . . . employees . . . ."  Because Defendants did not keep accurate records reflecting hours worked for Defendants, it is liable for civil penalties pursuant to California Labor Code § 2698, *et seq*.  To the extent Defendants' failure to keep accurate payroll records was willful, it is liable to civil penalties under California Labor Code § 1174.5.

253.  Plaintiff seeks civil penalties pursuant to California Labor Code § 2698, *et seq*. for violations of the Labor Code, including §§ 226, 226.7, 510, 512, 1174, 1174.5, 1194, 1198, and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation.

254.  Plaintiff has taken steps to ensure full compliance with the procedural requirements specified in California Labor Code 2699.3 as to each of the alleged violations.  As stated above, Plaintiff provided notice to the LWDA of Plaintiff's claims based on the alleged Labor Code violations, including the facts and theories supporting these claims.  The LWDA did not respond within the statutory 60-day period.

255.  Enforcement of statutory provisions to protect workers and to ensure proper and prompt payment of wages is a fundamental public interest.  Plaintiff's successful enforcement of important rights affecting the public interest will confer a significant benefit upon the general public. Private enforcement of these rights is necessary, as no public agency has pursued enforcement.  Plaintiff is incurring a financial burden in pursuing this action, and it would be against the interest of justice to require the payment of attorneys' fees and costs from any recovery obtained, pursuant to, *inter alia*, California Labor Code § 2699.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on his own behalf and on the behalf of the putative Collective and Class members, requests judgment as follows:

a.    Certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth above;

b.    Designating the named Plaintiff as Representative of the proposed FLSA Collectives;

c.    Ordering Defendants to disclose in computer format, or in print if no computer readable format is available, the names and addresses of all those individuals who are similarly situated, and permitting Plaintiff to send notice of this action to all those similarly situated individuals, including the publishing of notice in a manner that is reasonably calculated to apprise the potential class members of their rights under the FLSA;

d.    Certifying the proposed Rule 23 State Law Classes;

e.    Designating Plaintiff as representative of the proposed Rule 23 State Law Classes;

f.    Appointing Siegel Law Group, PLLC and Sommers Schwartz, P.C. as Class Counsel;

g.    Declaring that Defendants willfully violated the Fair Labor Standards Act and its attendant regulations as set forth above;

h.    Granting judgment in favor of Plaintiff and against Defendants and awarding the amount of unpaid overtime wages calculated at the rate of one and one-half (1.5) of Plaintiff's regular rate (including the shift differential where applicable) multiplied by all off-the-clock hours that Plaintiff worked in excess of eight (8) hours per day and/or forty (40) hours per week for the past four years;

i.    Awarding liquidated damages in an amount equal to the amount of unpaid overtime wages found due and owing;

j.    For statutory and civil penalties pursuant to Labor Code §§ 225.5, 226(e), 226.3, and 226.7;

k.    For disgorgement and restitution to Plaintiff and other similarly effected State Law Class members of all funds unlawfully acquired by Defendants by means of any acts or practices declared by this Court to violate the mandate established by California Business and Professions Code § 17200, *et seq.*;

l.    For the appointment of a receiver to receive, manage, and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violations of California Business and Professions Code § 17200, *et seq.*;

m.    For an injunction prohibiting Defendants from engaging in the unfair business practices complained of herein;

n.    For an injunction requiring Defendants to give notice to persons to whom restitution is owing of the means by which to file for restitution;

o.    For actual damages or statutory penalties according to proof as set forth in California Labor Code §§ 226, 1174, and IWC Wage Order No. 7, § 7(A) related to record keeping;

FIRST AMENDED COLLECTIVE & CLASS COMPLAINT AND JURY DEMAND

p.     For an order requiring Defendants to show cause, if any there be, why they should not be enjoined and ordered to comply with the applicable California Industrial Welfare Commission wage orders related to record keeping for Defendants' employees related to same; and for an order enjoining and restraining Defendants and their agents, servants and employees related thereto;

q.     For pre-judgment interest as allowed by California Labor Code §§ 218.6, 1194 and 2802(b) and California Civil Code § 3287 and other statutes;

r.     Awarding civil penalties pursuant to California Labor Code § 2698, *et seq*.;

s.     For reasonable attorneys' fees, expenses, and costs as provided by the FLSA, California Labor Code §§ 226(e) and (g), 1194, 2802, and California Code of Civil Procedure § 1021.5; and

t.     For such other and further relief the Court may deem just and proper.

### <u>JURY DEMAND</u>

Plaintiff individually and on behalf of all others similarly situated, by and through his attorneys, hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above entitled cause.

Dated:  April 6, 2021                              Respectfully submitted,

SOMMERS SCHWARTZ, P.C.

/s/ Trenton R. Kashima
Trenton R. Kashima, Esq.
402 West Broadway, Suite 1760
San Diego, California 92101
Telephone: (619) 762-2126
Facsimile:  (619) 762-2123

Jack L. Siegel
Stacy W. Thomsen
SIEGEL LAW GROUP, PLLC
4925 Greenville Avenue, Suite 600
Dallas, Texas 75206
Telephone: (214) 790-4454

FIRST AMENDED COLLECTIVE & CLASS COMPLAINT AND JURY DEMAND